PEDRO CRUZ GUERRA V. STATE

No. 28,685. January 9, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 27, 1957.

*Earl Shelton,* Austin, for the appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, four years.

The deceased met his death as the result of a shot fired near the intersection of Webberville Road and Northwestern Avenue on Austin's east side. There were no eyewitnesses to the killing. The witness Gill, who was standing near a hamburger stand, saw the deceased pass in his Buick sedan, shortly thereafter heard several loud noises that sounded like firecrackers to him, and then observed the deceased's Buick backing up the street toward him, with the body of the deceased hanging out

of the automobile; no one was at the wheel. Gill's brother stopped the backward motion of the Buick, cut off the motor, and Kyle Orsman, the investigator for the district attorney's office, arrived upon the scene.

Orsman testified that he found seven bullet holes in the Buick and seven 45 automatic pistol casings on the ground 52 feet forward from where the Buick had come to rest and a trail of blood leading from the shell casings to the deceased's head hanging out of the Buick. The bullet holes were ranging from front to rear, all apparently aimed at the driver, and he recovered five slugs from the automobile and one from the body of the deceased.

In the automobile and near the body of the deceased was found a 280 Beretta pistol, but no 38-calibre casings were found in the area, and this pistol did not appear to have been fired.

Within a few minutes after the police were notified of the killing, Officer Jordan received a message to meet a man at the Flamingo Bar six or seven blocks from the scene of the homicide. When he arrived, he saw Y. C. Guerra, appellant's brother, standing near the door of the bar. Y. C. told him, "My brothers has got in trouble on the Webberville road and want to give themselves up." Y. C. then turned toward the door of the bar, said something in Spanish, and Emilio Guerra and this appellant came out of the bar with their hands up. In Emilio's belt was a 45-calibre pistol which contained one unspent shell. The appellant was unarmed.

The appellant was carried to the Texas Department of Public Safety that night, and a paraffin test showed the presence of nitrates on both his hands, which indicated to the expert that he had recently fired a gun or had been in the immediate proximity of one that had been fired.

Firearms Examiner Rymer of the Texas Department of Public Safety examined the pistol which had been taken from Emilio, the spent shell casings, and the slugs, and gave his expert opinion as follows:

1. That the slug found in the body of the deceased had been fired from the pistol taken from the possession of Emilio.

2. That four of the seven shell casings found near the Buick had been fired from the same pistol.

3. That five of of the six slugs had been fired from the same pistol.

4. That three of the seven shell casings had been fired from a 45-calibre weapon other than the pistol taken from Emilio, but each of the three had been fired from the same weapon.

5. That one of the six slugs had been fired from a 45-calibre weapon other than the pistol taken from Emilio.

The appellant did not testify or offer any evidence in his own behalf.

The court charged on the law of principals and circumstantial evidence and further told the jury not to consider the statement of Y. C. Guerra to Officer Jordan unless they found it was heard by the defendant.

No brief has been filed for appellant, and we find nothing presented for review save the sufficiency of the evidence to sustain the conviction.

We must determine if the facts as stated exclude every other reasonable hypothesis except the appellant's guilt.

Y. C. said, "My *brothers* has got in trouble on the Webberville road and want to give themselves up." This occurred near the scene of the shooting and shortly thereafter. The shooting had occurred on the Webberville Road. Immediately after this statement was made, both *brothers* came out of the door with their hands in the air and surrendered themselves.

The appellant was not armed, but nitrates were on both of his hands.

Two firearms were used in the assault, one of which was found on the person of appellant's brother.

Though not free from difficulty, we have concluded that these facts viewed from the standpoint most favorable to the state are sufficient to exclude every other reasonable hypothesis except the appellant's guilt.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.